IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CRIMINAL NO. 2:02CR57

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BARRETT LEE CLARK | ) | |

**THIS MATTER** is before the Court on the Defendant's motion to adjust the payment schedule for his restitution payments.

The Bureau of Prisons has the authority to place a defendant in the Inmate Financial Responsibility Program based on the wording contained in the criminal judgment. ***United States v. Watkins***, 161 F. App'x 337 (4th Cir. 2006); ***Bramson v. Winn***, 136 F. App'x 380 (1st Cir. 2005). The authority and method of collecting through the Inmate Financial Responsibility Program as well as the determination of the Defendant's ability to pay has been delegated to the Bureau of Prisons (BOP) by federal regulations. **28 C.F.R. §§ 545.10-.16.** Defendant is, therefore, obligated to exhaust all administrative remedies through the BOP before approaching the appropriate district court. ***McGhee v. Clark***, 166 F.3d 884, 885-87 (7th Cir. 1999); ***Aja v. Bureau of Prisons Staff***, 202 F.3d 267 (table), 1999 WL 1336093 (6th Cir. 1999); ***United States v. Rumney***, 86 F.3d 1147 (table), 1996 WL 325485 (1st Cir. 1996); ***Indelicato v. Suarez***,

**207 F.Supp.2d 216 (S.D.N.Y. 2002).** Thereafter, a defendant may challenge such payments but only by filing the appropriate pleading in the district court of confinement, not with the sentencing court. ***Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002);** ***Moore v. Olson*, 368 F.3d 757, 759 (7th Cir.)*, cert. denied*, 543 U.S. 949 (2004).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to adjust payment schedule is hereby **DENIED**.

Signed: August 24, 2007

Lacy H. Thornburg
United States District Judge